FILED
IN OPEN COURT

DEC 1 2 2018

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18cr93 |
| | ) | |
| MICHELLE M. HOLT, | ) | |
| | ) | |
| Defendant. | ) | |

STATEMENT OF FACTS

By signing below, the parties stipulate that the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt, by competent and admissible evidence.

1. At all times relevant to the Criminal Information, MICHELLE M. HOLT, the defendant herein, was employed as a federal employee for the Department of Defense. The defendant worked as a secretary for United States Air Force, Air Combat Command, Communication Support Squadron, at Joint Base Langley-Eustis, Virginia, within the Eastern District of Virginia.

2. In such capacity, the defendant was a salaried employee on the General Schedule (GS) grade for the federal civilian workforce. The defendant was entitled to overtime pay if authorized by her employer and worked by the defendant. The defendant was also entitled to other forms of holiday and annual leave, as well as premium pay for any federal holidays worked by the defendant.

3. In terms of the tracking of employee hours and leave, the Defense Civilian Pay System (DCPS) was developed and maintained by the Defense Finance and Accounting Service (DFAS). The primary objective of DCPS is to standardize the Department of Defense civilian pay

1

with regard to interpretation of regulations, calculations, hardware, software, and operations. A secondary objective is to fulfill all necessary reporting requirements of pay and pay related data. In order to accomplish these objectives, the system must maintain employee records containing pay entitlements, leave entitlements, deductions and withholding, time and attendance data, and other information pertinent to an employee's employment status. DCPS is the standard DoD civilian pay system approved by the Under Secretary of Defense (Comptroller) Chief Financial Officer to pay employees from appropriated, revolving, or trust funds.

4. The DOD Automated Time and Attendance Production System (ATAAPS) is a web-based system that provides a single, consolidated input method for the collection of labor, time and attendance data, and preparation for downstream payroll processing by the Defense Civilian Payroll System (DCPS). ATAAPS provides the ability to accurately record time and attendance while capturing labor hours by job order (task). ATAAPS creates a common platform for the DOD agencies, military services, and other government agencies (OGA) who use DCPS as their civilian payroll system of record. ATAAPS helps to ensure agencies can easily and effectively enter, validate, certify, audit, and transmit records to DCPS.

4. In or about June 2018, a research project conducted by the Department of Defense, Office of Inspector General, for Audit (which is akin to an audit in terms of data gathering) identified discrepancies in the defendant's time and attendance records, specifically related to overtime and holiday pay. The project initially identified that the defendant obtained 33,131.50 in overtime hours, totaling $1,148,774 from January 2008 through May 12, 2018, and $17,335 in holiday premium pay as holiday leave that was retroactively reversed and paid. The overtime charges were the result of manual retroactive adjustments to the DCPS to add overtime, reverse leave taken and reverse holiday leave.

2



5. The project as well as a subsequent and more detailed investigation conducted by the Department of Defense Office of Inspector General (DOD-OIG) and the Air Force Office of Special Investigations (AFOSI) determined that the claimed overtime began as early as a pay period ending December 29, 2001, with fifteen (15) such hours claimed. From on or about April 20, 2002 and onward, it became a regular occurrence, increasing from twenty-six (26) hours to as many as 137 hours of overtime in a two-week pay period. These claims resulted in 42,847.50 in overtime hours amounting to $1,418,786.68 from December 29, 2001 to July, 2018. The defendant was not authorized to claim this overtime and did not work these hours.

6. Additionally, the audit and investigation that the defendant claimed approximately $21,879.00 in holiday premium pay as holiday leave was retroactively reversed and paid; at least 670 annual leave hours that were later reversed and paid as regular pay, amounting to $16,158.66 and at least 147 in sick leave hours that were later reversed and paid as regular pay, amounting to $3,438.09. The following table shows pay information from pay period ending December 29, 2001 through July 7, 2018. In total, the defendant caused losses to the United States of approximately $1,460.262.43.

| Calendar Year | Regular Pay | Overtime Pay | Holiday Premium Pay |
|---|---|---|---|
| 2002 | 29,073.60 | $14,772.92 | $0 |
| 2003 | 31,923.20 | 23,086.24 | 0 |
| 2004 | 35,364.80 | 37,211.75 | 792.48 |
| 2005 | 38,411.20 | 49,785.05 | 1,319.48 |
| 2006 | 39,623.20 | 62,003.12 | 1,364.56 |
| 2007 | 41,505.60 | 77,838.03 | 1,264.64 |
| 2008 | 42,759.20 | 91,254.84 | 1,225.36 |
| 2009 | 45,486.40 | 102,186.10 | 1,392.16 |
| 2010 | 46,373.60 | 102,732.45 | 1,600.08 |
| 2011 | 46,404.80 | 96,079.63 | 1,427.84 |
| 2012 | 47,624.80 | 106,196.59 | 1,457.12 |
| 2013 | 46,756.80 | 114,635.68 | 1,100.16 |
| 2014 | 48,115.20 | 112,752.27 | 1,842.80 |

| 2015 | 51,774.40 | 115,639.85 | 1,891.44 |
| 2016 | 50,520.80 | 117,083.81 | 2,028.44 |
| 2017 | 51,324.00 | 119,585.78 | 1,959.60 |
| 2018 | 28,828.00 | 75,942.57 | 1,212.80 |
| **Totals** | **$721,869.60** | **$1,418,786.68** | **$21,879.00** |

7. M.W., another Department of Defense and Air Force employee, was the approving DCPS official for the defendant's time and attendance. The defendant maintained M.W.'s log-in information so that M.W. could be the backup approver for the defendant. M.W. did not enter time and attendance information for any individuals in DCPS, including the defendant. M.W. did not agree to allow the defendant to use M.W.'s log-in information to enter overtime hours for the defendant.

8. The investigation revealed that the defendant, using M.W.'s log-in information without her knowledge, added overtime and change leave for prior pay periods in DCPS without being certified by a supervisor. On or about June 18, 2018, the defendant sent M.W. an email stating: "Please keep this between us, have you all had [AF]OSI come over there about anything?"

9. On or about June 20, 2018, the defendant was interviewed by law enforcement agents after being administered *Garrity* warnings. The defendant admitted that she did not work all of the overtime she had claimed for the pay period ending June 9, 2018 (127 hours claimed). The defendant advised that no one authorized the overtime work and claimed she had only been receiving overtime for a few months. When shown copies of her June 9, 2018, Leave and Earnings Statement (LES), her December 23, 2017, LES a summary spreadsheet summarizing ten years of suspect payments, the defendant stated in substance – (You know everything then). The defendant then stated "it was wrong," and "I'm in trouble," before asking what was going to happen to her. The defendant was told that at the conclusion of the interview she would be free to go back to her work location, where she replied that was not going to happen.

4

10. On or about August 6, 2018, the defendant submitted to another voluntary interview with law enforcement and was assisted by counsel. The defendant advised that she had recently resigned from her employment with the Air Force. The defendant advised that she entered hours for prior pay periods into the DCPS system and that no one approved these hours. The defendant began adding small amounts of false overtime to her time card and increased the number of hours. The defendant admitted to using M.W.'s log-in information without her knowledge to access DCPS and retroactively add to the defendant's own overtime hours. The defendant was also a timekeeper for the ATAAPS system. The defendant stated that she used the money she received from the fraudulently obtained overtime and leave payments to buy items for herself and for her family.

11. The defendant admits that she exceeded authorized access on the DCPS and ATAAPS systems (protected computer systems) when she fraudulently made entries that resulted in her being paid substantial amounts for overtime and holiday and other leave to which she was not entitled. The defendant further stipulates and agrees that her participation in the events described was undertaken knowingly, intentionally, and unlawfully and not as a result of an accident, mistake or other innocent reason. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

Respectfully Submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____
Brian J. Samuels
Assistant United States Attorney

After consulting with my attorney, I hereby stipulate that the above Statement of Facts are true and accurate, and that had the matter proceeded to trial, the United States could prove these facts beyond a reasonable doubt.

_____
MICHELLE M. HOLT
Defendant

I am counsel for MICHELLE M. HOLT. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
William E. Johnson, Esq.
Amy Van Fossen, Esq.
Counsel for the Defendant