IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18cr93 |
| | ) | |
| MICHELLE M. HOLT, | ) | |
| | ) | |
| Defendant. | ) | |

POSITION OF UNITED STATES
WITH RESPECT TO SENTENCING FACTORS

In accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A1.2, the United States of America, through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Brian J. Samuels, Assistant United States Attorney, hereby represents that it has reviewed the Probation Office's pre-sentence report (PSR) and that it does not dispute any of the factors or facts set out therein.

In this case, the United States respectfully submits that the factors under Section 3553(a) fully support a sentence of approximately three years, near the mid to higher end of the advisory guideline range of 30-37 months.  As the PSR and Statement of Facts set forth, the defendant, then a federal employee with the Department of Defense, orchestrated an extensive and long-running fraudulent timekeeping scheme that resulted in fraudulent claims for more than 40,000 overtime hours.   *See generally*, PSR at ¶¶ 8.1 – 8.11, 10.  At times, her annual overtime pay was over double that of her regular pay. The defendant also obtained fraudulent amounts of holiday premium pay and reversed sick leave.  In total, the defendant caused losses to the United States of over $1.4 million.

Beyond this significant monetary loss, in committing this large scale fraud, the defendant, committed a gross breach of public trust and exploited a timekeeping system used by the many

1

Department of Defense employees.  She did so by fraudulently using, without authority, the log-in information of a co-worker and exceeding authorized access to the systems.   The fraud occurred over the course of nearly seventeen years from December 2001 through July 2018.  Given the widespread usage of government timekeeping systems, the defendant's offenses are very serious.

The defendant did not halt the fraud on her own accord.  When confronted with her conduct by law enforcement in June 2018, the defendant initially advised that she had only received overtime for a few months.  When the scope of her fraud became apparent, the defendant obtained counsel and did readily confess and describe her fraudulent conduct to investigators.  She pled guilty to a criminal information and has accepted responsibility.

The defendant has no criminal history and the guidelines certainly credit this.  But this factor cuts both ways, as the defendant committed this deliberate crime on hundreds of occasions as a mature, educated adult after many years of federal civilian service to the United States that she then defrauded.  These crimes were not the rash or foolhardy acts of someone that could not appreciate the consequences of her actions.  The reality that the crimes occurred over so long a time period undercuts any claim that these were mistakes.  Indeed, the defendant appears to recognize the harm she has caused and appears remorseful for her conduct; however, this should not result in a sentence that fails to recognize the gravity of her crimes.

Finally, as a matter of general deterrence, it is particularly important to send the message throughout the federal civilian service that those in the employ of the United States, whose salaries are paid by the citizens they serve, are held to the highest standards of integrity.  A breach of such public trust does warrant a significant sentence.  Deterrence under Section 3553(a) is not limited to the necessary sentence to deter the defendant from engaging in further criminal conduct (specific deterrence), but also includes consideration of deterring other potential criminals from engaging

2

in similar conduct (general deterrence). *United States v. Phinazee*, 515 F.3d 511, 515-16 (6th Cir.

2008) ("The plain language of the statute . . . also militates against limiting the authority of the

court to specific deterrence . . . We note that this conclusion comports with the longstanding and

uncontroversial practice of considering general deterrence in sentencing.") "Because economic and

fraud-based crime are 'more rational, cool and calculated than sudden crimes of passion or

opportunity' these crimes are 'prime candidates for general deterrence.'" *United States v. Martin*,

455 F.3d 1227, 1240 (11th Cir. 2006).

Accordingly, the United States respectfully requests that the Court sentence the defendant

to a guideline sentence, in accordance with the factors in 18 U.S.C. § 3553(a).

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY


_____ /s/
Brian J. Samuels
Assistant United States Attorney
Virginia Bar Number: 65898
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Brian.Samuels@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was filed electronically using the

CM/ECF system, on this 5th day of March 2019, which will result in notification to:

William Eric Johnson, Esq.
Amy Van Fossen, Esq.
6558 Main Street
Gloucester, Virginia 23061

And I hereby certify that I have served the document by electronic mail to the

following non-filing user:

Shannon E. Gerard
U.S. Probation Officer
600 Granby Street
Suite 200
Norfolk, Virginia 23510
(757) 222-7300

                                  /s/
Brian J. Samuels
Assistant United States Attorney
Virginia Bar Number: 65898
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Brian.Samuels@usdoj.gov
