IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No.: 0422 4:18CR00093-001 |
| vs. | ) | |
| | ) | |
| | ) | Judge Raymond A. Jackson |
| MICHELLE MARIE HOLT | ) | |

SENTENCING POSITION PAPER
FOR DEFENDANT, MICHELLE MARIE HOLT

COMES NOW, the Defendant, Michelle Marie Holt, by and through counsel, Amy M. P. VanFossen and William E. Johnson, and in the submission of her Sentencing Position Paper, states as follows:

The Defendant, Michelle Marie Holt, is scheduled to be sentenced by this Honorable Court on March 13, 2019. The sentencing is for crimes to which the Defendant plead guilty on December 12, 2018 and for which she entered into a Plea Agreement with the United States Attorney's Office. The offenses are violations of Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A), Computer Fraud, and Title 18, United States Code, Section 641, Theft of Government Property. Upon this Court's acceptance of the guilty plea and the Plea Agreement, the Defendant was ordered to and did participate in the preparation of a Presentence Investigation Report with the United States Probation Office. The Presentence Investigation Report resulted in the following Sentencing Guideline Calculation with the two violations grouped for calculation:

| | |
|---|---|
| Base Level Offense: | 6 |
| Specific Offense Characteristics, as loss amount: | 14 |
| Victim Related Adjustment: | 0 |
| Adjustment for Role in Offense, as abuse of trust: | 2 |
| Adjustment for Obstruction of Justice: | 0 |
| Adjusted Offense Level: | 22 |
| Chapter Four Enhancement: | 0 |

1

| | |
|---|---|
| Acceptance of Responsibility: | -2 |
| Acceptance of Responsibility: | -1 |
| Total Offense Level: | 19 |
| Sentencing Range: | 30-37 months |

The Defendant has thoroughly reviewed the Presentence Investigation Report and understands the calculation to be correctly made, and she affirmatively states her appreciation for the motion of the United States Attorney's Office for an offense level reduction.

As the Court knows, the United States Sentencing Guidelines mandate "a sentence sufficient, but not greater than necessary" to address and comply with the purpose of the law. Section 3553(a) of the United States Sentencing Guidelines references several factors for the Court to consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for the sentence imposed to afford adequate deterrence to criminal conduct; the need for the sentence imposed to protect the public from further crimes of the defendant; and the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Undoubtedly the Court's sentencing authority is designed to deter and as the United States argues, by counsel, in this case, "to send the message throughout the federal civilian service that those in the employ of the United States, whose salaries are paid by the citizens they serve, are held to the highest standards of integrity." Yet, it remains the prayer of the Defendant for the Court to consider her background and her individual actions as the focus of sentencing.

It is the prayer of this Defendant for the Court to consider sentencing at 30 months or even to consider sentencing lower. The Defendant understands and acknowledges the nature and circumstances of her offenses and the gravity of her actions. She is thoroughly humiliated. When

asked by the investigators of this case, the Defendant appeared agreeably in the United States Attorney's Office to explain the method she used for unauthorized overtime pay and holiday pay to appear on her Civilian Leave and Earnings Statements. Admittedly wrongful and fraudulent, the Defendant explained that she used her access credential and that of a co-worker to revise time entries retroactively in the Defense Civilian Pay System and in the Department of Defense Automated Time and Attendance Production System for which she was an authorized user. The Defendant agreed and did submit to a polygraph examination as a measure of her honesty regarding whether she acted alone in her transgressions. It certainly seemed to counsel that everyone connected with criminal information and prosecution of this cause were surprised to learn the relative ease of committing these offenses for such a lengthy period of time. Ironically, every overpaid dollar is presented on the Federal and State income tax returns filed by the Defendant each year as she was a W-2 employee. Those returns were provided to the United States Probation Office when requested.

This Defendant is a mild, unassuming and average person. She has never been married and has no children. Her entire criminal and traffic record consist of a single traffic infraction for passing a school bus, for which she received no negative points on her traffic record. It is the deepest worry of the Defendant that her "mother", aged 97, will not survive whatever period of time she may be given for incarceration. The Defendant's biological mother died in April 2010. Her biological mother was a pain pill addict forty years ago before such an addiction was known to be commonplace. Her father abandoned her and her two sisters. She and her sisters were placed into the custody of their grandparents due to physical abuse and the drug addiction of their biological mother; and, as the Defendant told the Probation Officer of this Court, her "life started" when she was placed in the custody of her grandparents. The Defendant's mother is too feeble to

attend the sentencing hearing and will not be physically able to visit with her daughter when incarcerated. The Defendant does, nonetheless, understand that her criminal actions are what has placed her and her mother in this position.

During her tenure as a secretary for the United States Air Force, the Defendant performed her duties in an exemplary manner. At sentencing, she wishes to provide this Court with accommodations and evaluation reports she was given as a civilian employee. It is her intention to present testimony from a former Air Force supervising officer regarding authorization of overtime hours, her work ethic, and her work product.

The Defendant understands that a just punishment will warrant time in prison because the total sum of money is significant and because a sentencing event includes the factor of deterrence for like offenses by other persons. Without a doubt, news coverage of the Defendant's actions has resulted in the government and its employees being mindful and attentive to work hours. The Defendant understands that she is required and will pay restitution, most likely for the rest of her life. No longer being an Air Force employee, the Defendant moved into an apartment above a business in the town square of Mathews County in order to reduce her monthly living expenses. She had the foresight to place her residence on the market for sale as soon as she knew of the criminal investigation with the hope that sales proceeds will give her a decent amount of money to use for her first restitution payment. As refenced in the Presentence Investigation Report, the Defendant explained that she used the majority of the money obtained for the benefit of her family. She paid for her biological mother to be in a nursing home until the time of her death; she paid for school expenses for her twin sister's daughter and bought her niece's prom dress; she paid for her biological mother's funeral; her "father's" funeral; and her niece's wedding.

By what the Defendant considers the grace of God, she was able to get a job in a day care center after resigning her secretary position with the Air Force. It is the intention of the Defendant to present testimony from her employer regarding her work ethic and performance as an employee. That employer is fully aware of the matter before this Court and will testify that she will welcome the Defendant to return to Creative Critters after whatever period of incarceration is imposed and that the center intends to train and assist the Defendant in becoming a teacher instead of just working in the role of an assistant. It is the hope of this Defendant that the Court will consider this prospect of future employment and consider the employer's knowledge of these crimes as demonstrable evidence that the Defendant poses no risk to society of future crimes of any sort. It is this Defendant's abusive childhood, her appreciation for the grandparents that raised her and her sisters, and unrelenting goodwill toward her family and friends that should be reasonable assurance that lead her to a day care center for work. She prays for this Court to believe in her humiliation and humility and to believe that she will never commit further acts of crime or moral turpitude.

Attachments are submitted with this pleading to include achievement documents, evaluation records, and letters of character.

Respectfully submitted,

MICHELLE MARIE HOLT

_____ /s/
Amy M. P. VanFossen
Virginia State Bar Number: 44447
William E. Johnson
Virginia State Bar Number:
Van Fossen & Johnson, P.C.
6558 Main Street, Suite 6
Gloucester, Virginia 23061
Telephone:   804-694-1111
Facsimile:   804-694-1100
Email address: vanfossenjohnson@gmail.com

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that on this 6th day of March 2019 a true and correct copy of the foregoing Sentencing Position Paper for Defendant, Michelle Marie Holt was filed electronically using the CM/ECF system, this resulting in notification to:

>Brian J. Samuels, Esquire
>Assistant United States Attorney
>United States Attorney's Office
>Fountain Plaza Three, Suite 300
>721 Lakefront Commons
>Newport News, Virginia 23606

AND I DO HEREBY CERTIFY that a true and correct copy of the forgoing was sent via electronic mail transmission to the below-named non-filing user:

>Shannon E. Gerard
>United States Probation Officer
>United States Probation Office
>600 Granby Street, Suite 200
>Norfolk, Virginia 23510
>Email address: Shannon_Gerard@vaep.uscourts.gov

>_____/s/
>Amy M. P. VanFossen
>Virginia State Bar Number: 44447
>William E. Johnson
>Virginia State Bar Number: 27810
>Van Fossen & Johnson, P.C.
>6558 Main Street, Suite 6
>Gloucester, Virginia 23061
>Telephone: 804-694-1111
>Facsimile: 804-694-1100
>Email address: vanfossenjohnson@gmail.com