FILED

JUL - 7 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**MICHELLE M. HOLT,**

**Petitioner,**

v.                                                         **CRIMINAL NO. 4:18-cr-93**

**UNITED STATES OF AMERICA,**

**Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Michelle M. Holt's ("Petitioner") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 33.

**I. FACTUAL AND PROCEDURAL HISTORY**

At all times during the commission of her offenses, Petitioner was employed as a secretary by the United States Air Force, Air Combat Command, Communication Support Squadron, at Joint Base Langley-Eustis, Virginia. ECF No. 35 at ¶ 8.1. From in or about January 2002 to in or about June 2018, Petitioner used her supervisor's credentials to approve fraudulent entries into her own personnel record. *Id.* at ¶ 8. During the course of her offenses, Petitioner's fraudulent entries caused the United States Air Force a financial loss in the amount of $1,460,262.43. *Id.* at ¶ 12.

On November 29, 2018 Petitioner was the sole defendant named in a two-count Criminal Information. ECF No. 1. On December 12, 2018, Petitioner waived her right to indictment and pleaded guilty to Count 1, Computer Fraud, in violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A) and Count 2, Theft of Government Property, in violation of 18 U.S.C. § 641. ECF Nos. 3–6. On March 13, 2019, the Court sentenced Petitioner to a term of 48 months. ECF Nos. 16–20.

Petitioner was released on bond pending sentencing, so she has served about 15 months of her sentence.

Petitioner filed her *pro se* Motion for Compassionate Release on May 4, 2020. ECF No. 33. The Court ordered the appropriate responses on May 6, 2020. ECF No. 34. Petitioner, through counsel, responded to the Court's order on May 21, 2020. ECF No. 36. The Government responded on June 5, 2020. ECF No. 39. Petitioner replied to the Government's response on June 10, 2020. ECF No. 41. This matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.*; *see also Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing

Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors,

3

including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

### A. The Exhaustion Issue

This Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). In addition, Petitioner submitted her administrative request for compassionate release to the warden at FPC Alderson on May 1, 2020. ECF No. 36 at 2. Therefore, Petitioner has satisfied the exhaustion requirement within § 3582(c)(1)(A) because 30 days have elapsed since Petitioner filed her administrative request for compassionate release with the BOP.

### B. Resolution of the Petitioner's Request for Compassionate Release

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court recognizes that Petitioner is now 54 years old and committed the instant offense over the course of almost two decades spanning from her early 30s to her early 50s. ECF No. 35 at 2, ¶ 15 (documenting Petitioner's age and listing the date of her earliest offense conduct as January 2002). During the course of her offense, Petitioner was treated for breast cancer. *Id.* at ¶ 45 (reporting that Petitioner was diagnosed with breast cancer and was treated in 2014). Along with her past illness, the Court considered the seriousness of Petitioner's conduct and the need for punishment and specific deterrence at her original sentencing. 18 U.S.C. § 3553(a)(2)(A)–(B) ("the need for the sentence imposed [must] reflect the seriousness of the offense...provide just punishment...[and] afford adequate deterrence to criminal conduct"). Specific to the foregoing interests, Petitioner emailed her supervisor on June 18, 2018 inquiring about a potential

4

investigation *after* she had been using that same supervisor's login information to claim unauthorized employment benefits over the course of her entire offense. ECF No. 35 at ¶ 8.8. This brazen reaction to an investigation of her theft indicates that Petitioner harbored a lack of respect for her supervisor and the resources of the United States for the majority of her employment with the Air Force.

In evaluating whether "extraordinary and compelling reasons" for a sentence reduction have been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner offers her history of breast cancer and high cholesterol as underlying conditions that may exacerbate a potential COVID-19 infection, along with her rehabilitative efforts, in support of her request for compassionate release. ECF No. 41 at 14.

Petitioner's medical record indicates that she was treated for breast cancer in 2014, but no recurrence of the disease has surfaced since that time. ECF No. 42 at 8, 14 (documenting Petitioner's history of breast cancer from 2014 and a normal exam on June 14, 2019). Accordingly, there is no indication that Petitioner's immune system is currently compromised, as she is not being treated for cancer at this time. *See If You Are Immunocompromised, Protect Yourself from COVID-19: If You Have Cancer or Have Survived Cancer*, CTRS. FOR DISEASE CONTROL (June 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/immunocompromised.html. Petitioner's medical record also reveals that she has been treated for high cholesterol "for several years." *Id.* at 9. However, there is no indication that Petitioner's elevated cholesterol is not well managed or has worsened into a more serious cardiopulmonary issue. However, the Court recognizes the importance of continuing preventative care for Petitioner, which the BOP is providing. *See Groups at Higher Risk for Severe Illness: Serious Heart Conditions*, CTRS. FOR DISEASE CONTROL (June 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#serious-heart-conditions (advising individuals with cardiovascular risk factors to manage and control their heart condition and take their medication as directed).  In sum, the Court is not persuaded that Petitioner has a particular vulnerability to COVID-19 that necessitates relief from her sentence, as her underlying conditions are well managed.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Newport News, Virginia
July  7  , 2020

/s/
Raymond A. Jackson
**United States District Judge**

6